# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    v.<br><br>CHAMBERLAIN SCHOOL DISTRICT; JIM ANDERSON, JAY BLUM, JERRI ANN HAAK, ERIC MILLER, JOEL PAZOUR, ANNETTE PRIEBE, and KEITH REUER, in their official capacities as members of the Chamberlain School Board,<br><br>         Defendants. | Civil Action No. 4:20-cv-4084 |

## CONSENT DECREE

The United States filed this action to enforce Section 2 of the Voting Rights Act, 52 U.S.C. § 10301.  The complaint alleges that the at-large method of electing the Chamberlain School Board (the "Board" or "School Board") denies American Indian citizens an equal opportunity to participate in the political process and elect candidates of their choice.

The parties, through counsel, conferred extensively and agree that it is in the best interest of all parties that this lawsuit be resolved without the expense of protracted and costly litigation. Accordingly, the parties have entered into the following Consent Decree (the "Decree"), as an appropriate resolution of this civil action.

The parties stipulate to the following:

i.       The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345 and 52 U.S.C. § 10308(d).

ii.     Defendant Chamberlain School District (the "District") is a political and geographical subdivision of the State of South Dakota.

iii.    Defendants Jim Anderson, Jay Blum, Jerri Ann Haak, Eric Miller, Joel Pazour, Annette Priebe, and Keith Reuer are members of the Board, the body established under the laws of the State of South Dakota responsible for governing the District.  They are sued only in their official capacities.

iv.     The Board consists of seven members elected in at-large, non-partisan contests for staggered three-year terms.  The Board has seats up for election each year.

v.      According to the 2010 Census, the District has a total population of 6,044, of whom 3,763 (62.3%) are white and 2,138 (35.4%) are American Indian/Alaska Native (mostly Crow Creek Sioux and Lower Brule Sioux); and, the total voting-age population is 4,297, of whom 2,981 (69.4%) are white and 1,244 (29.0%) are American Indian/Alaska Native. Approximately 75% of the school district's American Indian voting age population lives in Buffalo County, primarily on the Crow Creek Sioux Indian Reservation.

vi.     The current at-large method of electing the Chamberlain School Board results in American Indian voters having less opportunity than other members of the electorate to participate in the political process and to elect candidates of their choice.  The parties agree that it would be reasonable for the Court to find that the three preconditions established by *Thornburg v. Gingles*, 478 U.S. 30 (1986), are present and that, under the totality of the circumstances, the United States would prevail should this matter proceed to trial.

vii.    In a letter dated December 2, 2019, the United States gave notice to the District of its intent to bring suit to enforce Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, regarding the method of election for the School Board.

viii.    Defendants have agreed to discontinue use of the current at-large method of election for members of the School Board and, in place thereof, to adopt a method of election that provides for six members to be elected from three two-member districts and one member to be elected at-large.  The president of the Board will continue to be selected from among the members of the Board by a vote of the Board members.

ix.      The parties agree that a fairly drawn plan, with three two-member districts and one at-large seat for the School Board, drawn in accord with the Voting Rights Act and the Constitution, would result in American Indian citizens having an equal opportunity to elect candidates of choice in one two-member district.

x.      The remedial election plan of three two-member districts with one at-large seat agreed to by the parties herein, appended as Exhibit A to this Decree, and ordered by the Court, provides an equal opportunity for American Indian voters to elect candidates of their choice.

xi.      The parties have also agreed upon a schedule for implementing the new method of election.

Therefore, with the consent of the parties, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345 and 52 U.S.C. § 10308(d).

2.      The current at-large method of electing the Chamberlain School Board violates Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, because it results in American Indian voters having less opportunity than other members of the electorate to participate in the political process and to elect candidates of their choice.

3.      The defendants, their officers, agents, employees and all persons acting in concert with them are enjoined from conducting elections for the Chamberlain School Board under the challenged at-large system.

4.      Six of the seven members of the Chamberlain School Board shall be elected from three two-member districts, and the seventh member shall be elected at-large.  The three two-member districts are shown in the map in Exhibit A, which also includes the population statistics for each district, based on the 2010 decennial Census data.  Only the voters residing in a district may vote in the elections for the School Board members in that district.  Only persons residing in a district may serve as a School Board member for that district.  All voters residing in the Chamberlain School District may vote in the elections for the at-large School Board member. Elections will continue to be nonpartisan and held every year at a date determined by the School Board in accordance with state law.  Except as provided in this Decree, all School Board members will serve three-year terms.

5.      The Board shall amend its policy to codify the method of election set forth in this Decree within three weeks of the entry of this Decree.

6.      To initiate implementation of the remedial plan included in this Decree and the staggered terms contemplated by state law and Board policy:

      a.   The first election under the remedial plan will take place in 2021, when there will be three seats up for election.

      b.   All current Board members may serve to the expiration of their terms begun in 2020 and earlier, except incumbent Board member Priebe, whose 2020-2023 term will be cut short to one year so that it expires in 2021.

      c.   In the election for the Chamberlain School Board in 2021,

      i.  A Board member will be elected from District 1 (Seat A) for a two-year term;

     ii.  A Board member will be elected from District 1 (Seat B) for a three-year term; and

    iii.  A Board member will be elected to the at-large seat for a three-year term.

d.  Following the election for the Chamberlain School Board in 2021,

      i.  Incumbent Board member Blum will be designated as the member representing District 2 (Seat A) until 2023, when his term expires;

     ii.  Incumbent Board member Pazour will be designated as the member representing District 2 (Seat B) until 2022, when his term expires;

    iii.  Incumbent Board member Miller will be designated as the member representing District 3 (Seat A) until 2022, when his term expires; and

    iv.  Incumbent Board member Anderson will be designated as the member representing District 3 (Seat B) until 2022, when his term expires.

     v.  The Board members elected in 2021 to District 1 (Seat A), District 1 (Seat B), and the at-large seat will take office in accordance with state law and Board policy.

e.  In the election for the Chamberlain School Board in 2022,

      i.  Board members will be elected from District 2 (Seat B) and District 3 (Seat B) for three-year terms; and

     ii.  A Board member will be elected from District 3 (Seat A) for a two-year term.

    f.   In the election for the Chamberlain School Board in 2023,

        i.   Board members will be elected from District 1 (Seat A) and District 2 (Seat A) for three-year terms.

7.     Following the 2022 election, when Board members' terms expire, the seats will again be up for three-year terms, in accordance with state law.

8.     The parties have embodied the implementation schedule and staggering of terms for the new method of election for the School Board in chart form in Exhibit B, attached hereto.

9.     If there is a vacancy on the Board, it shall be filled by appointment as provided by S.D.C.L. § 13-8-25.  If there is a vacancy on the Board after the 2021 election, the appointed Board member shall be a resident of the district they will represent on the Board.

10.    From 2021 forward, any election to fill a vacant seat as provided by S.D.C.L. § 13-8-25 shall be held under the election plan described in paragraph 4 and shall be limited to the voters of the district or at-large seat in which the vacancy arose.

11.    Upon entry of this Decree, Defendants shall ensure that all information, materials, and announcements regarding the district boundaries in Exhibit A and the new election schedule are provided to voters through mail, newspapers, radio (including KZZE-LP FM in Fort Thompson), the Internet, and other appropriate media, including the Chamberlain Oacoma Sun and the Central Dakota Times; the Cub Nation Facebook page; the School Messenger Calls and App; and the School District's website.  Defendants shall also post poster-sized printouts of maps of the district boundaries in Exhibit A at public locations in Chamberlain (including the Chamberlain Community Center), Fort Thompson (including Lynn's Dakotamart), and Oacoma (including the Oacoma Community Center) within four weeks of the date of this Decree; such posters shall include a notice that the election districts in the map will be in use starting in the

spring of 2021 and state in what year, and for what length of term, each seat will be up for election for the first time under the new plan.

12.     Within six weeks of the date of this Decree, Defendants shall mail every registered voter in the District a notice stating in which School Board election district the voter resides and when each seat will be up for election for the first time under the new plan.  Within two weeks of the Board's first regular meeting in January 2021, Defendants shall mail every registered voter in the District a second notice stating in which School Board election district the voter resides.  The second notice shall also state the date of the 2021 election, which seats on the Board will be up for election in 2021, and the time and place for filing nominating petitions. The parties to this Decree shall confer on the content of the notices described in paragraphs 11 and 12.

13.     The Board shall review the results of the 2020 Census to determine whether the districting plan adopted and approved by this Decree needs to be revised to comply with federal law, including the one-person, one-vote requirement of the Constitution and Section 2 of the Voting Rights Act.  Any revisions to the district map provided in this Decree shall comply with Section 2 of the Act and applicable constitutional standards.   If, based on the 2020 Census data, changes to the districting plan prove to be necessary, and if the 2020 Census data show that a redistricting plan that affords American Indian citizens an equal opportunity to elect candidates of choice in one two-member district out of three two-member districts for the School Board can continue to be drawn in accord with the Constitution and the Voting Rights Act, then the Board's new redistricting plan shall continue to provide for that opportunity.  If the Board adopts a new redistricting plan following the 2020 Census, Board members shall notify the United States not later than ten days after its adoption and provide the United States a copy of that plan.  If the

Board determines that no changes to the districting plan are necessary based on the 2020 Census data, the Board shall notify the United States in writing of its determination.

14.     If the Board adopts a new redistricting plan after the release of the 2020 Census that the United States believes denies American Indian citizens the equal opportunity to elect candidates of choice to the Board in violation of the terms of this Decree and/or Section 2, the United States will have the right, upon notice to this Court, to challenge the new plan as a violation of the terms of this Decree and/or Section 2.

15.     The election plan ordered here complies with Section 2.

16.     All parties shall bear their own costs, expenses, and attorneys' fees in this case.

17.     This Decree pre-empts any conflicting South Dakota State law, including, but not limited to S.D.C.L. §§ 13-8-2, 13-8-7.1.

18.     This Decree will expire after three election cycles from the date on which the Board either 1) adopts a new redistricting plan based on the 2020 Census, or 2) informs the United States in writing that it has determined that no such changes to the plan in Exhibit A are necessary based on the results of the 2020 Census.

19.     This Court shall retain jurisdiction over this matter to enforce the provisions of this Decree and for such further relief as may be appropriate.

**SO ORDERED**.

_____, 2020

_____

UNITED STATES DISTRICT JUDGE

The Undersigned Agree to Entry of this Consent Decree.


For the United States of America:


RONALD A. PARSONS, JR.          ERIC S. DREIBAND
United States Attorney               Assistant Attorney General
District of South Dakota            Civil Rights Division

ELLIOTT M. DAVIS
Special Counsel

ALISON J. RAMSDELL
Assistant U.S. Attorney
Civil Rights Coordinator
325 S. First Avenue
Sioux Falls, SD 57104              T. CHRISTIAN HERREN, JR.
                                 ROBERT S. BERMAN
                                 MAURA EILEEN O'CONNOR
     May 27, 2020          ELIZABETH M. RYAN
Date                          Attorneys, Voting Section
                                 Civil Rights Division
                                 U.S. Department of Justice
                                 150 M Street NE/8.926
                                 Washington, D.C. 20530
                                 Eileen.O'Connor2@usdoj.gov
                                 202-305-2526

                                    May 26, 2020
                                 Date

9

For the Defendants:

KEITH REUER
President, Chamberlain School Board

5 - 26 - 20
Date

RODNEY FREEMAN
Churchill, Manolis, Freeman,
Kludt & Burns, LLP
333 Dakota Avenue S., 2nd Floor
P.O. Box 176
Huron, S.D. 57350
RFreeman.HuronLaw@midconetwork.com
605-352-8624

5/27/20
Date

10

# Exhibit A



| District | Population | % Deviation | White (NH) | % White (NH) | AIAN (NH) | % AIAN (NH) | Voting Age Population | Voting Age White (NH) | % Voting Age White (NH) | Voting Age AIAN (NH) | % Voting Age AIAN (NH) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1965 | -2.48 | 338 | 17.2 | 1585 | 80.7 | 1195 | 240 | 20.1 | 937 | 78.4 |
| 2 | 2039 | 1.19 | 1777 | 87.2 | 209 | 10.3 | 1522 | 1389 | 91.3 | 109 | 7.2 |
| 3 | 2040 | 1.24 | 1648 | 80.8 | 344 | 16.9 | 1580 | 1352 | 85.6 | 198 | 12.5 |



N
W · E
S

Major Roads 2010
Roads 2010
District
District by Census Block 2010
1
2
3

King St

0     0.5      1          2 Miles

Exhibit B:  Implementation Schedule

| Election Year | District 1 Seat A | District 1 Seat B | District 2 Seat A | District 2 Seat B | District 3 Seat A | District 3 Seat B | At-large Seat | Seats open |
|---|---|---|---|---|---|---|---|---|
| 2021 | X (2-year term) | X | Mr. Blum designated rep. for 2A | Mr. Pazour designated rep. for 2B | Mr. Miller designated rep. for 3A | Mr. Anderson designated rep. for 3B | X | 3 |
| 2022 | | | | X | X (2-year term) | X | | 3 |
| 2023 | X | | X | | | | | 2 |
| 2024 | | X | | | X | | X | 3 |
| 2025 | | | | X | | X | | 2 |
| 2026 | X | | X | | | | | 2 |
| 2027 | | X | | | X | | X | 3 |
| 2028 | | | | X | | X | | 2 |
| 2029 | X | | X | | | | | 2 |
| 2030 | | X | | | X | | X | 3 |

- Each X represents an election for a three-year term except where noted.
- Ms. Priebe's 2020-2023 term will be cut short to one year and will expire in 2021.
- Immediately following the 2021 election, Mr. Blum, Mr. Pazour, Mr. Miller, and Mr. Anderson will be designated as the representatives for the districts in which they reside, until their terms expire.
- Following the 2022 election, when Board members' terms expire, the seats will again be up for three-year terms, on the staggered schedule established above, in accordance with state law.